STATE OF CONNECTICUT *v.* ROY D. YOUNG

CIRCUIT COURT

THIRD CIRCUIT
FILE No. MV 3-23751

Memorandum filed November 20, 1967

*Howard J. Moraghan,* of New Milford, for the state.

*Albert H. Hornig,* of Danbury, for the defendant.

WISE, J. The application for the arrest warrant recited the following affidavit: "That I, George H. Moore, am of lawful age, am now and have been for the past 19 months a member of the Connecticut State Police Department, presently assigned to Troop 'A' at Ridgefield. That incident to the performance of my official duties, on the morning of Sept. 11, 1967, at approx. 7:50 AM I was on I-84, westbound in the town of Danbury in the vicinity of the Fairgrounds. At this time I observed a 1966 Oldsmobile, color red which was also westbound, this vehicle appeared to be travelling at an excessive rate of speed. I gave chase to this vehicle and after approx. one mile was in a position to begin to clock this vehicle. I started my clock just west of the Mill Plain entrance ramp and continued for approx. .3 mi., clocking this vehicle at speeds of 90–92 mph. At this point we were approx. .2 mi. from the New York State Line and I started to overtake this vehicle with the red light and siren operating. In overtaking this vehicle it was necessary to accelerate to speeds in excess of 100 mph. After stopping this vehicle the operator identified himself to me as Roy D. Young of 14 Crest Rd. Danbury and gave me his operator's license which verified this fact."

Pursuant thereto, an arrest warrant was issued charging the defendant with the crime of speeding. Thereafter, the defendant filed the instant motion requesting the court to suppress the evidence of identification of the defendant on the following grounds: "1. The arrest warrant is insufficient on its face, because the affidavit upon which the warrant was issued does not contain the essential fact

that the Officer of the Connecticut State Police Department pursued the Defendant into the State of New York and stopped him involuntarily in said State, thereby obtaining the evidence of identification of the Defendant illegally. 2. There was not probable cause for believing the existence of the grounds on which the arrest warrant was issued for the same reasons as above stated. 3. The arrest warrant was illegally executed for the same reasons as above stated."

No testimony was offered on the motion. It was stipulated by counsel that the motion be determined on the facts set forth in the above affidavit in the application for the arrest warrant plus an additional fact that the defendant operator was stopped by the state trooper in New York state and that the information concerning identity of the defendant was obtained from his license by the officer in New York state. The situation thus presented is one in which the officer observed the defendant operating his automobile, in Connecticut, at a fast rate of speed, gave chase, and finally stopped him over the border in New York state and there obtained the information from him as to his identity. Nothing further was done there and at that time, but upon return to Connecticut the officer thereafter applied for a warrant for the arrest of the defendant on the basis of the facts set forth in the above affidavit. A warrant was issued and the arrest was made.

The lack of testimony, in a sense, beclouds the issue to be determined. From the factual recitation in the affidavit, the judge who signed the application for the arrest warrant found that probable cause existed for its issuance. This affidavit stated the make and color of the automobile; that it was chased for approximately one mile and then clocked as to speed; that the clock continued for approxi-

mately three-tenths of a mile, at which point the automobiles were approximately two-tenths of a mile from the New York state line; and that it was at approximately 7:50 a.m. The affidavit must be considered on its face. There is nothing to indicate that there were not sufficient facts for reasonable identification of the defendant. True, the name of the defendant was ascertained in New York state, but this did not rule out all the other existing factors. See *State* v. *Tillman,* 152 Conn. 15; *State* v. *Berkowitz,* 24 Conn. Sup. 112, 1 Conn. Cir. Ct. 439. The burden is on the defendant to sustain his contentions. The defendant's claim that the state could not get the benefit of the presumption under § 14-107 of the General Statutes because the automobile operated by the defendant was owned by a corporation is of no avail. The state is not relying on this presumption, nor does the affidavit so state. The identification is predicated on personal observation and personal investigation. It is significant that the defendant was not arrested by the officer in New York, nor was he issued a summons. He was merely stopped. The court concedes that the officer could not legally issue a summons or arrest the defendant in New York. Had he done either, a different situation would have been presented. But this is not the situation here. One is not arrested simply because he is stopped by a police officer and questioned as to his identity and actions. *State* v. *Smolen,* 4 Conn. Cir. Ct. 385; *District of Columbia* v. *Perry,* 215 A.2d 845 (D.C. App.); *White* v. *United States,* 222 A.2d 843 (D.C. App.). Even if this court considered, without deciding, that stopping the defendant in New York was illegal, the fact remains that there was no summons issued and no arrest made. There was nothing seized, but there was personal observation; and on this personal observation and knowledge, recited in the affidavit,

the judge found that probable cause existed for the issuance of the warrant for the arrest of the defendant.

In denying the instant motion, the court points out that in the trial of the case the defendant can pursue his claim again, when the evidence sought to be kept out is attempted to be introduced.

For the reasons stated, the motion to suppress is denied.