**HYDRO AIR OF CONNECTICUT, INC.**

v.

**VERSA TECHNOLOGIES, INC. and Power Draulics-Nielsen, Inc.**

**Civ. No. N 81–145(WWE).**

United States District Court, D. Connecticut.

Sept. 6, 1983.

---

Donald C. Lunt, Wallingford, Conn., for plaintiff.

Scott W. Hansen, of Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for defendant Versa Technologies.

Charles Mattingly, of Kelley Drye & Warren, New York City, for defendant Power Draulics-Nielsen.

## RULING ON MOTION OF POWER DRAULICS–NIELSEN, INC. TO AMEND COUNTERCLAIM

EGINTON, District Judge.

In its initial answer, the defendant Power Draulics-Nielsen, Inc. ("PDN") set forth a counterclaim alleging that the instant action was filed vexatiously by Hydro-Air of Connecticut, Inc. ("Hydro Air"). PDN now seeks to add two additional counterclaims. One of these new counterclaims, labelled the "Second Counterclaim" in the proposed amended answer, alleges that a related case filed in New Jersey was also vexatious.

The remaining proposed counterclaim, labelled the "Third Counterclaim" in the proposed amended answer, realleges that the instant action was filed vexatiously and seeks treble damages under Conn.Gen.Stat. § 52–568. Hydro Air has opposed the motion to amend and has moved to strike the original counterclaim. For the reasons stated below, the First Counterclaim will not be stricken, and PDN may amend its answer to add its Third Counterclaim. However, PDN will not be permitted to add the proposed Second Counterclaim to its answer.

Only a brief summary of the facts alleged is required. Defendant Versa Technologies, Inc., through its subsidiary, Milwaukee Cylinder Company ("Milwaukee Cylinder"), manufactures cylinders for sale in New England. Milwaukee Cylinder hired and later dismissed Hydro Air as its sales agent. Defendant PDN was hired to replace Hydro Air. PDN later terminated its relationship with Milwaukee Cylinder and began selling for a larger, competing manufacturer.

Hydro Air alleges that PDN and Milwaukee Cylinder conspired against it in violation of state and federal antitrust laws, in violation of state unfair competition and franchise statutes, and in violation of a covenant of good faith which it seeks to imply from the Uniform Commercial Code and Connecticut common law.

PDN alleges in its Second Counterclaim that Hydro Air of Connecticut, Inc. and Hydro Air, Inc. ("Hydro Air-New Jersey") are owned and controlled by the same individuals. Hydro Air-New Jersey filed an action in New Jersey based on the same facts which form the basis of this suit. According to the Affidavit of PDN's attorney, Charles Mattingly, the New Jersey action was settled by the exchange of mutual releases between PDN and Hydro Air-New Jersey.

The proposed Second Counterclaim will not be allowed. Since the alleged tort occurred in New Jersey, Connecticut courts would apply New Jersey law. See, e.g., *Schaeffer v. O.K. Tool Co.,* 110 Conn.

528, 534–35, 148 A. 330 (1930) and cases cited therein. As PDN concedes, the New Jersey courts would not permit PDN to raise a vexatious litigation claim in connection with the settled New Jersey action. *See* New Jersey Rule of Court 4:49.

Additionally, the Second Counterclaim would seem to be barred by the release PDN signed in the New Jersey action. The theory PDN advances for recovery in this action is that Hydro Air is essentially the same company as Hydro Air-New Jersey, and the bad faith of one must be imputed to the other. If so, a release as to one should, as a matter of equity, preclude recourse against the other.

PDN will be allowed to add its proposed Third Counterclaim, even though it realleges the allegations of the Second Counterclaim that the New Jersey action was vexatious. As the court reads this Third Counterclaim, the New Jersey action is cited merely as evidence that the instant litigation is vexatious.

Of course, a ruling on PDN's counterclaim must await a decision on the merits of Hydro Air's complaint. As a matter of judicial economy, the court will permit PDN to raise its claim that the instant suit is vexatious as a counterclaim. In this way, the question of whether Hydro Air has sued vexatiously can be considered along with the merits of that claim and a decision on the counterclaim rendered speedily after the main suit is terminated, without the necessity of a separate proceeding. *Cf.* Fed.R.Civ.Pro. 54(b). *Compare Paint Products Co. v. Minwax Co.,* 448 F.Supp. 656, 658 (D.Conn.1978) (Daly, J.) ("Given the requirement that the suit must terminate in favor of the defendant, it is impossible to use vexatious litigation as a counterclaim in the very suit the defendant claims is vexatious.") *with Sonnichsen v. Streeter,* 4 Conn. Cir. 659, 666–67, 239 A.2d 63 (1967) ("There appears to be no practical need for further litigation, and justice will best be served if the residuum of issues be terminated in the present suit.").

Ordered accordingly.