[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs (hereinafter "Sonitrol") brought this action against Wells Fargo Security Systems, et al., alleging improprieties in the bidding process and with bidding documents with respect to a bid invitation from the State of Connecticut for installation and maintenance of security systems in eighty-eight state owned buildings. On January 23, 1992, after five days of hearings, the plaintiff's request for injunctive relief was denied by the court (O'Neill, J.). The defendant, CT Page 10027 Wells Fargo Alarm Systems, Inc., has filed a six count counterclaim alleging tortious interference with business expectancy, abuse of process, vexatious litigation, violation of the Connecticut Unfair Trade Practices Act and defamation. The plaintiffs have filed a motion to strike all the counts of the counterclaim.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108491 A.2d 368, 378 (1985). It admits all facts well pleaded, including those facts necessarily implied and fairly provable thereunder. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348-49 (1991). It does not admit legal conclusions or opinions. Mingachos, supra, 108. When deciding a motion to strike the challenged allegations are construed in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 28349 A.2d 822 (1980). If the facts provable under the allegations in the pleadings would support a cause of action then the motion to strike must fail. Mingachos, supra, 108. The movant has the burden of proving that the claims are insufficient as a matter of law.
Count I of the counterclaim alleges that Sonitrol tortiously interfered with Wells Fargo's business expectation. Sonitrol argues that the allegations are insufficient to state a cause of action for tortious interference because an action for tortious interference must be based on an independent tort and because Wells Fargo fails to allege any specific damages it has suffered as a direct result of the defendants tortious act. In Connecticut, a breach of contract to the plaintiff's detriment is not an essential element of a cause of action for tortious interference. Goldman v. Feinberg, 130 Conn. 671, 673;37 A.2d 355 (1944). However, a person cannot recover for an interference with the mere possibility of profit; actual damage is essential to a cause of action for tortious interference with business expectancy and the damage must be the result of the defendant's tortious interference. Id. See also, Taylor v. Sugar Hollow Park, Inc., 1 Conn. App. 38, 467 A.2d 935; Herman v. Andriss, 187 Conn. 374, 446 A.2d 9 (1982).
Sonitrol further asserts that Well's Fargo's counterclaim fails to plead specific facts of defamation, such as damage to reputation, as required by Connecticut law. The counterclaim that Sonitrol defamed Wells Fargo by misrepresenting the nature and quality of Wells Fargo's alarm services. It also CT Page 10028 alleges, that as a result of Sonitrol's conduct, the bid awards were delayed thereby causing damage to Wells Fargo. The tortious conduct essential for a cause of action can be satisfied by proof of a multitude of acts, including misrepresentation, fraud, intimidation or molestation. Blake v. Levy, 191 Conn. 257, 261, 464 A.2d 52, 54 (1983).
Accordingly, counterclaimant has alleged sufficient facts to support a cause of action for tortious interference. The motion to strike Count I is denied.
Count II of the counterclaim alleges that the plaintiffs knew or should have known that their allegations of improprieties in the bid process are untrue and that the lawsuit was commenced to achieve a favorable result that could not have been achieved through the bid process. Abuse of process is the misuse or misapplication of process to accomplish a purpose for which it was not designed. Varga v. Pareless, 137 Conn. 66381 A.2d 112 (191). An ulterior motive is not an essential element of a cause of action for abuse of process. Lewis Truck Trailer, Inc. v. Jandreau, 11 Conn. App. 168, 169,526 A.2d 533 (1987). The defendant argues that the allegations in Count II are insufficient because Wells Fargo does not allege that the suit was brought for purposes beyond those in the pleadings. Wells Fargo has alleged that the purpose for Sonitrols commencement of the underlying suit is to obtain commercially favorable results. It does not, however, claim that Sonitrol's suit has been instituted for purposes other than those alleged in the complaint.
The motion to strike Count II of the counterclaim is granted.
Counts III and IV of the counterclaim raise a claim of vexatious litigation. Count III is based on a claim of vexatious litigation pursuant to Connecticut General Statutes, section 52-568. Count IV raises a common law claim for vexatious litigation. Under Connecticut law, the essential elements for a claim of vexatious litigation are that a previous civil suit was initiated maliciously, without probable cause, and terminated in favor of the plaintiff. Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Cole, 189 Conn. 518 (1983); Blake v. Levy, 191 Conn. 257 (1983). The defendant, relying on the court's decision in Paint Products Co. v. Minwax Co.,448 F. Sup. 656, 658 (D.Conn. 1978), argues that a vexatious CT Page 10029 litigation claim cannot be raised in a counterclaim. Wells Fargo cites Hydro Air of Connecticut, Inc. v. Versa Technologies, Inc., and Power Draulies-Nielsen, Inc.,99 F.R.D. 111 (D.Conn. 1983) and Sonnichsen v. Streeter, 4 Conn. Cir. Ct. 657 (1967) in support of its position that a claim for vexatious litigation may be properly raised in a counterclaim. The concerns for judicial economy and avoidance of multiple law suits raised by Wells Fargo are persuasive. In Hydro Air, Judge Edginton allowed the defendant's counterclaim for vexatious litigation as a matter of judicial economy. Hydro Air, supra, 111. In that decision, Judge Edginton made it clear that the decision on the counterclaim could only be rendered after the main suit had terminated but that considering the merits of the claim with the main suit would allow for speedy resolution of the vexatious litigation claim without the need for a separate proceeding. Id.
Accordingly, the motion to strike counts three and four is denied.
Count V raises a claim under the Connecticut Unfair Trade Practices Act, Connecticut General Statutes 42-1106 et seq. Wells Fargo alleges that "plaintiffs have interfered with the bid process and have committed acts that are illegal, immoral and violative of public policy." Sonitrol argues that this bare assertion combined with the failure to allege substantial harm renders this claim deficient.
Connecticut has adopted the following criteria for determining whether a trade practice is unfair: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy, as it has been established by statutes, the common law or otherwise, whether in other words it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." McLaughlin Ford Inc. v. Ford Motor Co., 192 Conn. 558, 567; citing Conaway v. Prestia, 191 Conn. 484, 492. Applying these criteria to the allegations in the counterclaim, the court concludes that Wells Fargo has failed sufficiently to plead facts demonstrating specific conduct that was illegal or immoral or violative of public policy and to demonstrate substantial harm was suffered by Wells Fargo. The motion to strike Count V is granted. CT Page 10030
In Count VI of the counterclaim, Wells Fargo alleges that the statements made by Sonitrol were false and impugned the nature and quality of Wells Fargo products and/or services. Sonitrol argues that this claim is insufficient because Wells Fargo has failed to allege actual special damages, specifically, injury to reputation, as required by Connecticut law. Sonitrol relies on Urban v. Hartford Gas Co., 139 Conn. 301 (1952) in support of this proposition. While it is true that injury to reputation is an essential element of slander, the rules governing the existence of this element differ depending on whether the words are actionable per se or actionable per quod. Id., 307, Proto v. Bridgeport Herald Corp., 136 Conn. 557, 564
(1950). When the defamatory words are actionable per quod, injury to the plaintiffs reputation must be alleged and proved. Urban v. Hartford Gas, supra, 307. However, when the defamation is actionable per se, there is a conclusive presumption that the plaintiff's reputation has been injured. Id. The question of whether the words constitute defamation per se is one of law, to be determined by the court. Proto v. Bridgeport Herald, supra, 564. Two classes of defamatory statements are recognized as generally being actionable per se, those statements charging crimes and those statements which injure a person professionally. Id.
The allegations in the counterclaim indicate that Wells Fargo's claim is based on the theory that the defamation is actionable per se.
Accordingly, the motion to strike Count VI is denied.
Schaller, J.