BURNS INTERNATIONAL SECURITY SERVICES, INC., Plaintiff–Counter–Defendant–Appellant,

v.

INTERNATIONAL UNION, UNITED PLANT GUARD WORKERS OF AMERICA (UPGWA) AND ITS LOCAL 537, Defendant–Counter–Claimant–Appellee.

No. 415, Docket 94–7001.

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1994.

Decided Nov. 14, 1994.

Opinion Filed Feb. 7, 1995.

Stewart J. Katz, Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C., Detroit, MI, for appellant.

Scott A. Brooks, Gregory, Moore, Jeakle, Heinen, Ellison & Brooks, P.C., Detroit, MI (Lisa S. Lane, of counsel); Gregg D. Adler, Gould, Livingston, Adler and Pulda, Hartford, CT, for appellee.

Before: VAN GRAAFEILAND, McLAUGHLIN, and LEVAL, Circuit Judges.

PER CURIAM:

Burns International Security Services ("Burns") provides security workers to Northeast Utilities' Millstone Nuclear Power Plant, located in Waterford, Connecticut. Pursuant to a collective bargaining agree-

ment between Burns and the United Plant Guard Workers of America, Local 537 (the "Union"), the Union represents the security employees. The agreement requires that Burns have "just cause" before discharging a Union employee, and calls for arbitration of any disputes that cannot be resolved internally. Northeast Utilities is not a party to the collective bargaining agreement; its plant is merely the work site for the Burns employees. Northeast Utilities does, however, determine who has access to its plant.

Burns employed Jonathan Gomez, a member of the Union, as a security officer at the Millstone site. Burns suspended Gomez on March 21, 1990 following an incident of suspected theft at Millstone. Although Burns' investigation into the incident was inconclusive, Northeast Utilities rescinded Gomez's clearance. Five months later, Burns fired Gomez. The Union brought a grievance on behalf of Gomez, and the matter proceeded to arbitration.

Arbitrator Michael Stutz heard the case. He issued his award on May 15, 1992:

1) The Company violated the provisions of the collective bargaining agreement by its August 15, 1990 removal of Jonathan Gomez from the payroll of the Company.

2) As remedy, the Company shall reinstate Jonathan Gomez to the payroll with full back pay and other benefits under the Contract, minus interim earnings, plus interest at the legal rate. The grievant shall take reasonable steps to minimize the costs of this award to the Company by continuing, or seeking, interim employment, and/or accepting a reasonable offer of employment by the Company.

3) At the Union's request, the undersigned arbitrator hereby retains jurisdiction over the implementation of the remedy for a period of 90 days.

Burns never reinstated Gomez. Instead, on August 12, 1992, it filed a petition in the United States District Court for the District of Connecticut (Dorsey, *Judge*) to vacate the arbitration award. The district court granted the Union judgment on the pleadings under Fed.R.Civ.P. 12(c) and summary judgment on its counterclaim to enforce the arbitration award. Burns appeals.

(1) *Timeliness of Burns' petition*

■ Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c); *see George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 n. 2 (1977).

■ Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185, provides subject matter jurisdiction for an action to vacate an arbitration award. *See Harry Hoffman Printing, Inc. v. Graphic Communications, International Union, Local 261*, 912 F.2d 608, 610–13 (2d Cir.1990). Since § 301 does not specify a statute of limitations for commencing an action to vacate an arbitration award, the relevant state statute is borrowed. *United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *Harry Hoffman Printing*, 912 F.2d at 612–13. The Connecticut Arbitration Act establishes a thirty-day statute of limitations on motions to vacate an arbitration award. Conn.Gen.Stat. § 52–420(b).

■ The arbitrator in this case issued his award on May 15, 1992. Burns received it on or about May 18, 1992. Since Burns did not file its petition to vacate the award until August 12, 1992, Burns was well beyond the thirty-day statute of limitations, and Judge Dorsey properly dismissed the petition under Fed.R.Civ.P. 12(c).

■ Burns contends that, even assuming the 30 day statute of limitations applies, its petition was timely filed because the arbitrator retained jurisdiction "over the implementation of the remedy" for 90 days and thus the award was not final until the 90 day period expired. We agree with the Seventh Circuit that the reservation of jurisdiction over a detail like overseeing the precise amount of back pay owed does not affect the finality of an arbitrator's award. *See Dreis & Krump Mfg. Co. v. IAM District No. 8*, 802 F.2d 247, 250 (7th Cir.1986). Accordingly, it does not extend the time to appeal.

(2) *Enforcement of the award*

 Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Furthermore, judicial review of an arbitration award is extremely limited. To withstand judicial scrutiny, the award must "draw[ ] its essence from the collective bargaining agreement," *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), and the arbitrator need only explain his reasoning "in terms that offer even a barely colorable justification for the outcome reached." *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir.1978). "[I]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir.1972).

 The arbitrator in this case determined that Burns violated the terms of the collective bargaining agreement when it fired Gomez. He properly grounded his decision in an interpretation of the terms of the bargaining agreement, including the "just cause" provision and the "lack of work" provision. *See Burns International Security Services, Inc. v. International Union, United Plant Guard Workers of America (UPGWA) and its Local No. 537*, Federal Mediation and Conciliation Services Opinion and Award No. 90–02933 (May 15, 1992) (Stutz, Arb.). Having contracted with the Union to resolve disputes through a mutually-acceptable, neutral arbitrator, Burns is not entitled to have the arbitrator's decision overturned simply because the arbitrator did not adopt its interpretation of the contract. Accordingly, the district court did not err in enforcing the award.

We have considered all of Burns' remaining arguments on appeal, and find them to be without merit. The decision of the district court is AFFIRMED.