Alice KALTMAN–GLASEL, Plaintiff,

v.

Francis M. DOOLEY, Stuyvesant K.
Bearns, and Shipman & Goodwin,
LLP, Defendants.

No. 3:01CV0068(JBA).

United States District Court,
D. Connecticut.

Aug. 15, 2001.

John R. Williams, Williams & Pattis,
New Haven, CT, for plaintiff.

Patrick M. Noonan, Brock Thomas Dubin, Delaney, Zemetis, Donahue, Durham
& Noonan, Guilford, CT, for defendants.

**RULING ON PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIM
[DOC. # 8]**

ARTERTON, District Judge.

## I. INTRODUCTION

On January 11, 2001, plaintiff Alice Kaltman–Glasel commenced a civil diversity action for legal malpractice against defendants Francis M. Dooley, Stuyvesant K. Bearns, and Shipman & Goodwin, LLP. On March 16, 2001, defendants answered and counterclaimed for, inter alia, vexatious litigation, asserting that plaintiff's legal malpractice action was commenced "without probable cause and with a malicious intent unjustly to vex and trouble the defendants." Plaintiff has moved to dismiss Counts Three and Four of defendants' counterclaim on the grounds that "vexatious litigation claims based on pending litigation are unripe as a matter of law and, accordingly, the court lacks jurisdiction of them." (Doc. # 9, Pl.'s Mem. in Supp. of Mot. to Dismiss at 1.) Defendants argue that considerations of judicial economy and the statute of limitations permit their counterclaim. For the reasons that follow, plaintiff's motion to dismiss (Doc. # 8.) is GRANTED,

## II. STANDARD OF REVIEW

Plaintiff's motion to dismiss argues that defendants have failed to state a claim in that Counts Three and Four are not ripe and therefore are not legally cognizable. In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept all allegations of the counterclaims as true and construe all reasonable inferences in favor of the defendants. *Connell v. Signoracci*, 153 F.3d 74, 80 (2d Cir. 1998). The Court's function is merely to

determine whether the counterclaims are legally sufficient and not to weigh the evidence that may be presented at trial. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). In other words, the issue on a motion to dismiss a counterclaim is not whether the defendant will prevail, but whether defendant is entitled to offer evidence to support his claims. *See Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000).

### III. Discussion

The sole issue before this Court is whether a counterclaim for vexatious litigation can be maintained while the action underlying the vexatious litigation claim is still pending and has not concluded with a disposition in favor of defendants. In their Memorandum in Opposition to Plaintiff's Motion to Dismiss, defendants argue that their counterclaim for vexatious litigation should be permitted in the interest of judicial economy, citing to Connecticut cases which have permitted a counterclaim for vexatious litigation when the underlying action had not yet been terminated.[1] Defendants further argue that their counterclaim should be permitted prior to the termination of the present action in order to avoid a potential three-year statute of limitations bar. Plaintiff responds that the majority of courts that have considered this issue of Connecticut law have held that the underlying litigation must be terminated prior to commencing a vexatious litigation action.[2] This Court also has previously concluded that a claim for vexa-

tious litigation cannot be maintained "as a counterclaim in the very suit that the defendant claims is vexatious." *Equality, Inc. v. I–Link Communications,* 76 F.Supp.2d 227 (1999)

As a federal court sitting in diversity jurisdiction, this Court looks to the state's highest court for construction of the state's laws. *Plummer v. Lederle Laboratories,* 819 F.2d 349, 355 (2d Cir.1987). In *Blake v. Levy,* 191 Conn. 257, 464 A.2d 52 (1983), the Connecticut Supreme Court held that a vexatious litigation claim "requires a plaintiff to allege that the *previous* lawsuit was initiated maliciously, without probable cause, and was terminated in the plaintiff's favor" in order to state a claim. *Blake,* 191 Conn. at 263, 464 A.2d 52 (emphasis added). *Blake* noted the "sound policy" of requiring a vexatious litigation plaintiff to allege that prior litigation terminated in his favor as the requirement "serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts." *Id.* As this Court noted in *Equality,* the one district court decision permitting a simultaneous vexatious litigation claim as a counterclaim, *Hydro Air of Conn., Inc. v. Versa Techs., Inc.,* 99 F.R.D. 111 (D.Conn. 1983), was issued only six days after *Blake,* and makes no reference to it. *Hydro Air* also relied on the aged Connecticut Circuit Court case of *Sonnichsen* which a number of Connecticut superior courts have concluded was overruled by *Blake. See Bo-*

---

1. *See Sonnichsen v. Streeter,* 4 Conn. Cir. Ct. 659, 239 A.2d 63 (1967) (Kosicki, J.); *Pattrell v. Ayers,* No. FA 89–0049825, 1994 WL 119027 (Conn.Super. Mar. 31, 1994) (Dranginis, J.); *Sonitrol Security Sys. of Hartford, Inc. v. Dep't of Admin. Services,* No. 70 21 81, 1992 WL 335455 (Conn.Super. Nov. 10, 1992) (Schaller, J.); and *Hydro Air of Conn., Inc. v. Versa Techs., Inc.,* 99 F.R.D. 111, (D.Conn. 1983).

2. *Sarcione v. Yale–New Haven Hosp.,* No. CV 960392979, 1997 WL 625453 (Conn.Super.Sept.30, 1997) (Gray, J.); *Snell v. Johnson,* No. CV 94047121S, 1997 WL 133406 (Conn.Super.Mar.11, 1997) (Corradino, J.); *Rutenberg v. Rosenblit,* No. CV 88 0353700, 1994 WL 86408 (Conn.Super.Mar.14, 1994) (Hennessey, J.); and *Yale New Haven Hosp. v. Orlins,* No. CV6–10396, 1992 WL 110710 (Conn.Super. May 11, 1992) (Levin, J.).

*dek v. Productivity, Inc.*, 1998 WL 389147 at *1; *Orlins*, 1992 WL 110710 at *6–7.

■ Defendants have not persuaded the Court that it should abandon the rule it adopted in *Equality*. Since the Court issued its decision in that case, all Connecticut Superior Courts which have considered the issue have adhered to the *Blake* requirement that a viable vexatious litigation claim must contain the allegation that the underlying case terminated in favor of the vexatious litigation plaintiff, and have thus concluded that a defendant cannot pursue a vexatious litigation claim as a counterclaim in the suit which is said to be vexatious.[3]

■ Defendants argue that they should be permitted to pursue their counterclaim prior to the termination of the present action to avoid a statute of limitations bar. Their concern emanates from the holding in *Gionet v. Craft Magic, Inc.*, No. 115480, 1999 WL 417286 (Conn.Super. June 14, 1999) (Hurley, J.), which held that "in a vexatious litigation claim, the statute of limitations begins to run on the date in which the prior action was instituted or maintained." *Gionet*, 1999 WL 417286 at *1. Whether *Gionet* is correct or not as to when the statute begins to run, and even if the effect may be "to preclude an action before it accrues," *Gionet*, 1999 WL 417286 at *1, "it is within the General Assembly's constitutional authority to decide when claims for injury are to be brought." *Id.* quoting *Burns v. Hartford Hosp.*, 192 Conn. 451, 460, 472 A.2d 1257 (1984). The Connecticut Supreme Court has noted that "[i]t is not the function of the court to alter a legislative policy merely because it pro-

duces unfair results." *Ecker v. West Hartford*, 205 Conn. 219, 241, 530 A.2d 1056 (1987) (holding that although the statute of limitations for wrongful death actions may bar an action before it even exists, a court cannot alter the result by judicial fiat).

As a necessary element of defendants' counterclaim has not been and cannot be alleged unless and until the litigation terminates in defendants' favor, defendants' vexatious litigation counterclaim fails and plaintiff's motion to dismiss (Doc. # 8) is accordingly GRANTED.

## V. CONCLUSION

For the reasons outlined above, plaintiff Alice Kaltman–Glasel's Motion to Dismiss Counts Three and Four [Doc. # 8] is GRANTED.

IT IS SO ORDERED.

---

3. *Glazer v. Dress Barn*, No. CV000178375S, 2001 WL 357916 (Conn.Super. Mar. 30, 2001) (Dandrea, J.), *citing Orlins*, 1992 WL 110710; *Shea v. Chase Manhattan Bank, N.A.*, No. CV 960149647S, 2000 WL 1196370 (Conn.Super. Jul.27, 2000) (Tierney, J.), *aff'd* *on other grounds*, 64 Conn.App. 624, —— A.2d ——, 2001 WL 850129 (Conn.App.Ct.2001); *Bryer v. Scott*, No. CV 9970687S, 2000 WL 234314 (Conn.Super.Feb.17, 2000) (Sullivan, J.).