Dennis ROLON, Plaintiff,

v.

Robert HENNEMAN and Ari
Moskowitz, Defendants.

No. 02 CIV. 6556(CM).

United States District Court,
S.D. New York.

Sept. 28, 2005.

Michael Howard Sussman, Goshen, NY, for Plaintiff.

John F. O'Reilly, Hitsman Hoffman & O'Reilly LLC, Elmsford, NY, Brian S. Sokoloff, Miranda & Sokoloff, L.L.P., Mineola, NY, for Defendants.

## ORDER AND DECISION GRANTING DEFENDANT ROBERT HENNEMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS

MCMAHON, District Judge.

Plaintiff Dennis Rolon ("Rolon") filed this action for damages against defendants Robert Henneman ("Henneman") and Ari Moskowitz ("Moskowitz") for offering allegedly false testimony at an arbitration hearing regarding matters underlying prior disciplinary proceedings brought against Rolon. Plaintiff alleges that defendants "intentionally bore false witness against plaintiff" and, in doing so, violated plaintiff's rights to Fourteenth Amendment due process pursuant to 42 U.S.C. § 1983. Plaintiff also alleges that, as a result of these statements, he suffered economic loss, including loss of expected overtime pay, as well as humiliation, embarrassment and emotional distress. Henneman now moves for judgment on the pleadings dismissing the action against him.

### Facts

The relevant facts, as alleged in the Complaint, are as follows:

Plaintiff has served as a police officer in Wallkill, New York since 1997. Complaint ("Cplt.") ¶ 5. In April 2000, the Town of Wallkill brought disciplinary charges

against Rolon. In May 2000, Henneman was appointed Acting Chief of the Town of Wallkill Police Department. Cplt. ¶ 7. In this capacity, Henneman initiated additional disciplinary proceedings against plaintiff in August 2000, charging him with nine acts of misconduct, pursuant to fourteen specifications. Cplt. ¶¶ 8, 10.

In May 2000, Rolon filed a federal lawsuit in connection with these charges, naming Henneman, among others, as a defendant. Cplt. ¶ 11. The parties reached a settlement on January 23, 2001, which was subsequently entered by Judge Connor. Pursuant to the settlement, plaintiff agreed to a general release of claims arising from the April and August 2000 disciplinary actions in exchange for the sum of $85,000.00. Cplt. ¶ 12; Arbitration Opinion & Award ("Arbitration Opinion") at 6. Rolon's discharge of claims did not reach the issue of plaintiff's entitlement to back pay; rather, the parties agreed to submit this issue to arbitration.

During the subsequent arbitration hearings, the parties recounted the charges brought against plaintiff and the merits of these disciplinary actions. Cplt. ¶ 15. In an Opinion and Award issued on February 15, 2002, the Arbitrator found part of the testimony provided by Henneman to be neither truthful nor credible and found Henneman to exhibit personal hostility towards plaintiff. *Id.* The Arbitrator further concluded that Henneman's account of events "strained credulity" and that Henneman engaged in selective prosecution of plaintiff by treating plaintiff differently than like situated officers. Cplt. ¶¶ 22, 25.

Despite the fact that plaintiff was found not guilty on all but three charges, was awarded reinstatement to active duty, and received full back pay and restoration of all fringe benefits for the entire period of his suspension, plaintiff now contends that Henneman's false accusations regarding the underlying disciplinary actions caused

him humiliation, emotional distress and economic loss, namely the loss of predictable overtime pay. Arbitration Opinion at 58–59; Cplt. ¶¶ 28, 30. Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right of due process.

Defendant Henneman moved to dismiss the charges under Rule 12(c).

**Standard of Review**

The standard of review on a motion for judgment on the pleadings under Rule 12(c) is whether "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am.,* 47 F.3d 14, 16 (2d Cir.1995). This standard is the same as that applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Lab.,* 850 F.2d 904, 909 n. 2 (2d Cir.1988). A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim only "when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phillip v. University of Rochester,* 316 F.3d 291, 293 (2d Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Kaltman–Glasel v. Dooley,* 156 F.Supp.2d 225, 226 (D.Conn. 2001). The function of the Court is not to weigh the evidence that may be presented at trial. Instead, the Court must determine if the claims are legally sufficient. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); *see also King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). The Court must construe all reasonable inferences in favor of the plaintiff and accept the allegations contained in the claims as true. *See Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). Therefore, a court must evaluate whether the allegations in the complaint can sustain a cause of action under

applicable law, and should grant the motion to dismiss only if the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *See Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002); *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). "In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint *or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.*" *Kramer v. Time Warner, Inc.* 937 F.2d 767, 773 (2d Cir.1991) (emphasis added). Because both the Arbitrator's opinion and the January 2001 settlement were referenced in the Complaint, both may be considered without converting the motion to one for summary judgement.

**Discussion**

Henneman moves for dismissal of plaintiff's claims on the grounds of res judicata, absolute and/or qualified immunity, and plaintiff's failure to state a cognizable claim for denial of substantive due process rights.

■ The Court finds that absolute immunity attaches to Henneman's witness testimony at the arbitration proceedings at issue. Because the doctrine of absolute immunity mandates dismissal of plaintiff's due process claim, the Court declines to engage in an analysis of either plaintiff's damages claim or Henneman's remaining arguments.

■ It is well established that testifying witnesses, including police officers, are entitled to absolute immunity from liability under § 1983 based on their testimony. *See Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (holding that plaintiff's due process claim was barred because defendant, as a witness, was absolutely immune from liability for the evidence he furnished in the habeas proceeding at issue); *White v. Frank,* 855 F.2d 956, 961 (2d Cir.1988) (expressly stating that "immunity has been recognized against a section 1983 suit based on an officer's trial testimony"). As explained in *Briscoe,* absolute immunity for witness testimony in § 1983 cases is rooted in the belief that "[a] witness's apprehension of subsequent damages liability might induce two forms of self-censorship. First, witnesses might be reluctant to come forward to testify. And once a witness is on the stand, his testimony might be distorted by the fear of subsequent liability." Id. at 333, 103 S.Ct. 1108 (internal citations omitted). Considerations of public policy likewise support absolute immunity for official witnesses. Specifically, "[s]ubjecting governmental officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." Id. at 342–243, 103 S.Ct. 1108.

The court in *Sykes* explained that, in determining when absolute immunity attaches, functional categories rather than the status of the defendant control. 13 F.3d at 519. The "[f]unctions most apt to be accorded absolute, rather than qualified, immunity are those integrally related to the judicial process," as "various safeguards are in place to minimize the risks that attend the improper performance of judicial process functions." *Id.* (citing *Dorman v. Higgins,* 821 F.2d 133, 136 (2d. Cir.1987)). These safeguards include the apolitical nature of judicial decisions, the role of precedent, the adversary nature of the process, and the regularized availability of review. *Id.*

In the context of absolute immunity analysis, the arbitration proceedings that ultimately resulted in the February 2000 Opinion and Award are functionally equivalent to formal judicial proceedings. Like judicial proceedings, the arbitration proceedings at issue incorporated the requisite procedural safeguards. For example, "[b]oth parties appeared by counsel and had full opportunity to adduce evidence, to cross-examine each other's witnesses and to make argument in support of their respective positions." Moreover, as emphasized by the Impartial Arbitrator, "[n]either party [ ] raised any objections to the fairness of this proceeding." Arbitration Opinion at 3–4; Cplt. ¶¶ 20, 21.

In addition, the law expressly recognizes that "[s]tatements made during quasi-judicial proceedings, like those made during formal judicial proceedings, are entitled to absolute immunity." *Lettis v. U.S. Postal Serv.*, 39 F.Supp.2d 181, 205 (E.D.N.Y.1998) (internal citations omitted). More specifically, "[c]ourts have held that testimony at arbitrations are entitled to absolute immunity." *Id.* at 206. Therefore, the Court finds that absolute immunity attaches to Henneman's testimony at the arbitration proceedings, precluding liability under § 1983.

## Conclusion

For the foregoing reasons Defendant Hennemans' motion for judgment on the pleadings pursuant to Rule 12(c) is GRANTED. With respect to Defendant Moskowitz, this case remains on the suspense calendar, as Moskowitz is out of the country on military leave.

This constitutes the decision and order of the Court.