**R. CHWEYA, individually and as the representative of the class of persons defined in averment 22, Plaintiff—Appellant,**

v.

**Leroy BACA; et al., Defendants— Appellees.**

No. 03–56226.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided May 5, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

L. Trevor Grimm, Sylvia Havens, Manning & Marder et al, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, WARDLAW, Circuit Judges, and COLLINS, District Judge.*

MEMORANDUM **

R. Chweya appeals the district court's grant of summary judgment in favor of Deputy Sheriffs Hoglund and Cabrera and Sheriff Baca ("Defendants") in this section 42 U.S.C. §§ 1983, § 1985(3) action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm summary judgment as to Chweya's unlawful detention, arrest, and conspiracy claims against the deputy sheriffs, and Sheriff Baca. However, we reverse judgment as to Chweya's malicious prosecution claim against Deputy Sheriffs Hoglund and Cabrera, and hold that the deputies are not entitled to qualified immunity against this claim.

■ 1. Deputy Hoglund had reasonable suspicion to detain Chweya. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Deputy Hogland received a call after 10:00 p.m. reporting that a group of youths were standing in front of the homes on the block in question. Because some of the persons with whom Chweya was standing appeared to be under age 18, the deputy had reason to believe that they had gathered in violation of the City of Bellflower's 10:00 p.m curfew. These circumstances constitute "specific, articulable facts," which form a reasonable basis for the stop. *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir.2000). Chweya's argument that Hogland should have known that he was over 18, because he had encountered the deputy the previous week, is unpersuasive because Chweya also testified that Hogland gave no sign of recognition and that he did not himself immediately recognize the deputy. No *Terry* violation took place.

■ 2. The *Terry* stop was not transformed into an arrest when Deputy Hogland led Chweya across the street, did not look at his proffered identification, and required him to sit on the sidewalk. In contrast to cases in which we have held that a *Terry* stop became an arrest, Chweya was not placed in handcuffs or made to sit in a patrol car. Nor did Deputy Hoglund brandish a weapon, or conduct a pat-down. *Cf. United States v. Del Vizo*, 918 F.2d 821, 824 (9th Cir.1990); *United States v. Delgadillo–Velasquez*, 856 F.2d 1292, 1295 (9th Cir.1988); *United States v. Ricardo D.*, 912 F.2d 337, 340–41 (9th Cir. 1990). Under the totality of the circumstances, a reasonable person would have felt free to leave after the brief detention had ended. *United States v. Pinion*, 800 F.2d 976, 978–79 (9th Cir.1986). The district court did not err in granting summary judgment on this claim to Deputy Hoglund.

■ 3. Deputy Hoglund did not detain Chweya on the basis of his race in violation of the Fourteenth Amendment. It is undisputed that when Deputy Hoglund approached for the second time, Chweya remained on the street while all other persons with whom he was standing retreated into their residences. Chweya did not establish that he was similarly situated to the others in his group, and that he was discriminated against on the basis of his

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

race. *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).

■ 4. Deputies Hoglund and Cabrera had probable cause to arrest Chweya when he appeared at the police station on August 3, 1998. The evidence shows that Chweya fled the scene of a lawful detention. Therefore, probable cause existed to arrest Chweya for violation of California Penal Code § 148, delaying and obstructing a police officer. Thus, Chweya's Fourth Amendment rights were not violated. *Devenpeck v. Alford,* — U.S. —, —, 125 S.Ct. 588, 594, 160 L.Ed.2d 537 (2004) ("Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest.")

Because we conclude that the deputies had probable cause to arrest Chweya, Chweya's claim that the deputies conspired to arrest him without probable cause necessarily also fails. *Caldeira v. County of Kauai,* 866 F.2d 1175, 1181 (9th Cir.1989).

■ 4. The district court erred in granting summary judgment to Deputy Hoglund on Chweya's malicious prosecution claim. Chweya claims that he never committed battery on Deputy Hoglund, and that the deputy maliciously fabricated this charge and caused him to be prosecuted.[1] He presented a witness who testified that he observed the entire encounter between Deputy Hoglund and Chweya and that no physical contact took place. The booking sheet sworn out against Chweya lists a violation of Section 243(b) of the California Penal Code as the sole basis for his arrest, and, in fact, Chweya was prosecuted for violating California Penal Code

§ 243(b). Finally, the jury hung 11–1 not guilty, resulting in the judge declaring a mistrial. Chweya was not subsequently reprosecuted. *See Usher v. City of Los Angeles,* 828 F.2d 556, 562 (9th Cir.1987); *Jaffe v. Stone,* 18 Cal.2d 146, 150, 114 P.2d 335 (1941) ("If [a termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement [of favorable termination].").

In *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir.2004) we held that "[m]alicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." If Deputy Hogland "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him . . . or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings," he can be said to have "initiated" the prosecution against Chweya. *Id.* at 1067.

Deputy Hoglund would not be entitled to qualified immunity for initiating a prosecution based upon fabricated evidence, as such a prosecution would violate Chweya's Fourth Amendment right to be free from seizure, and it is certainly "clearly established" that an officer may not fabricate a charge against a defendant. *See Alright v. Oliver,* 510 U.S. 266, 278–79, 114 S.Ct. 807, 127 L.Ed.2d 114 (1984); *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Nor would absolute immunity protect the deputy if such fabrication were found. In *Harris v. Roderick,* 126 F.3d

---

1. In his declaration, Chweya indicated that on October 10, 1998 Deputy Hoglund approached him at his mother's booth at a community fair. Chweya stated that the deputy inquired how the criminal case against him was going, and that he asked Hoglund, "You

are going to lie and say that I pushed you?" According to Chweya, Deputy Hoglund replied, "Oh, yeah. I'm going to say that you pushed me." Chweya filed a complaint with the police department about this incident.

1189 (9th Cir.1997), we faced the similar situation of two officers who were alleged to have given "false testimony ... in official reports" and to have "voluntarily provided crucial information, false though it was, at every step of the proceedings," "deliberately set[ting] in motion a series of events that they anticipated ... would lead to [an] indictment, arrest, and federal trial for [a] murder ... of which [Harris] was ultimately acquitted." *Id.* at 1199. We held that:

> [B]ecause complaining witnesses were not entitled to absolute immunity at common law, officers who function in that capacity are not entitled to such immunity under § 1983 ... [I]f [the officers] functionally served as complaining witnesses who may be said to have initiated Harris's prosecution they are not entitled to absolute immunity for their false statements.

*Id.*

The actions that Chweya alleges that Deputy Hoglund engaged in here—fabricating a story about the assault, falsely testifying to it in an official report, and causing the initiation of a prosecution against him—are virtually identical to those actions alleged in *Harris,* and thus this claim survives summary judgment.

Chweya's malicious prosecution claim against Deputy Cabrera, however, cannot survive summary judgment. Chweya has presented no evidence indicating that Deputy Cabrera falsified information contained in the police report or that he otherwise provided information to the prosecutor regarding the alleged assault on Deputy Hoglund. There is thus no evidence in the record which would support a malicious prosecution claim against him.

6. The district court properly granted summary judgment to the defendants on Chweya's *Monell v. Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978) claims. Chweya presented no evidence that Deputy Hoglund acted pursuant to official policy or custom in allegedly maliciously prosecuting him, and we hold that none of his other rights were violated by either of the deputies. There is thus no basis for a finding of liability as to Sheriff Baca. Therefore, Chweya's *Monell* claims fail. *Cf. Johnson v. Hawe,* 388 F.3d 676, 679 (9th Cir.2004) (Reversing the grant of summary judgment against the plaintiff on his *Monell* claims because plaintiff "submitted evidence supporting his claim of *Monell* liability against the City.")

REVERSED AND REMANDED

